01
02
03
04
05

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

06

07

08 | LANCE EMIGH,                                ) Case No. C08-976-JLR-JPD
                                             )
09 |            Plaintiff,                    )
                                             )
10 |     v.                                   )
                                             ) REPORT AND RECOMMENDATION
11 | MONROE STATE PRISON, *et al.*,           )
                                             )
12 |            Defendants.                   )
    _____ )

13

14                              INTRODUCTION

15        Plaintiff Lance Emigh is currently confined in the Special Offender Center of the

16 Monroe Correctional Complex ("MCC"), in Monroe, Washington. Appearing *pro se*, he

17 recently filed an application to proceed *in forma pauperis* together with a proposed civil

18 rights complaint, pursuant to 42 U.S.C. § 1983. (Dkt. No. 1). Plaintiff alleges in his

19 complaint that he has been verbally threatened by guards at MCC. (Complaint at 3). Having

20 screened plaintiff's proposed complaint pursuant to 28 U.S.C. § 1915A, the Court

21 recommends, for the reasons set forth below, that plaintiff's case be dismissed without

22 prejudice.

23                               DISCUSSION

24        In order to sustain a cause of action under 42 U.S.C. §1983, plaintiff must show (i)

25 that he suffered a violation of rights protected by the Constitution or created by federal

26 statute, and (ii) that the violation was proximately caused by a person acting under color of

REPORT AND RECOMMENDATION
PAGE – 1

01 state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  To satisfy the

02 second prong, plaintiff must allege facts showing how individually named defendants caused

03 or personally participated in causing the harm alleged in the complaint. *See Arnold v. IBM*,

04 637 F.2d 1350, 1355 (9th Cir. 1981).  States are not persons for purposes of § 1983. *See*

05 *Arizonans for Official English v. Arizona*, 117 S. Ct. 1055, 1069 (1997); *Hale v. Arizona*,

06 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc).  Neither are entities that are arms of the state.

07 *See Howlett v. Rose*, 496 U.S. 356, 365 (1990).

08         Here, plaintiff has named as defendants MCC, the Special Offender Center, the

09 Washington Department of Corrections, the Superintendent of MCC, one guard whom

10 plaintiff identifies as "B. Croft," and two unidentified guards.  (Complaint at 1).  Many of

11 these defendants are not amenable to suit under § 1983: the Department of Corrections,

12 MCC, and the Special Offender Unit are arms of the state and are therefore shielded by the

13 Eleventh Amendment. *See Howlett*, 496 U.S. at 365.  In addition, plaintiff has not alleged

14 that the Superintendent of MCC personally participated in causing the harm alleged in the

15 complaint.  Therefore, the present action may not proceed against these defendants.

16         In addition, plaintiff's complaint against the remaining defendants – prison guards at

17 MCC – fails to state a claim upon which relief may be granted.  While the allegation of verbal

18 threats is certainly regrettable if true, verbal harassment alone does not rise to the level of a

19 constitutional violation. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987);

20 *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996).  Further, offering plaintiff an opportunity

21 to amend his complaint would be futile.  On page two of the complaint, plaintiff concedes

22 that he has not finished the grievance process at MCC concerning the allegations he presents

23 here.  Exhaustion of administrative remedies is a prerequisite to filing a § 1983 action. *See* 42

24 U.S.C. § 1997e(a); *Porter v. Nussle*, 122 S. Ct. 983, 988 (2002).  Therefore, even if plaintiff

25 were to amend his complaint to somehow state a viable cause of action, defendants would

26 likely prevail in a motion to dismiss on the ground that plaintiff failed to exhaust his

01 administrative remedies.  Because it is clear that no amendment could cure this defect in the

02 complaint, the Court need not provide plaintiff with the opportunity to amend his complaint.

03 *See Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

<u>CONCLUSION</u>

05      For the foregoing reasons, the Court recommends that the complaint and this action

06 be DISMISSED without prejudice.  Further, plaintiff's application to proceed *in forma*

07 *pauperis* may be DENIED as moot.  A proposed Order accompanies this Report and

08 Recommendation.

09      DATED this 28th day of July, 2008.

_James P. Donohue_

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 3